**ZBS Law, LLP**
Erin M. McCartney, SBN 308803
Mark S. Krause, SBN 302732
30 Corporate Park, Suite 450
Irvine, CA 92606
Telephone: (714) 848-7920
Fax: (714) 908-2615
Email: bankruptcy@zbslaw.com

Attorneys for Movant, Citibank, N.A., as trustee for CMLTI Asset Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | CASE NO.: 19-30625 |
| Jeffrey E DeWeese<br>dba Jeffrey E DeWeese,<br><br>Debtor. | Chapter 13<br><br>RS No.: MSK-1<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC SAY (REAL PROPERTY)<br><br>Hearing:<br>Date: February 20, 2020<br>Time: 1:00 p.m.<br>Place: United States Bankruptcy Court<br>450 Golden Gate Ave., 16th Flr.<br>San Francisco, California<br>Courtroom 19<br>Judge Hannah L. Blumenstiel |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

COMES NOW Citibank, N.A., as trustee for CMLTI Asset Trust ("Movant") through the undersigned counsel moves this Court, pursuant to 11 U.S.C. §362, for Relief from the Automatic Stay with respect to certain real property for Debtor. The facts and law supporting this Motion are set forth below and in the Declaration in Support of Movant's Motion for Relief from the Automatic Stay (Real Property)(the "Declaration") filed contemporaneously herewith.

1

Case: 19-30625    Doc# 88    Filed: 01/31/20    Entered: 01/31/20 10:08:49    Page 1 of 4
Motion for Relief from the Automatic Stay (Real Property)

## FACTUAL BACKGROUND

1. Debtor, Jeffrey E DeWeese, An Unmarried Man, is the owner of the Subject Real Property located at **851 Van Ness Avenue, #408, San Francisco, California 94109** (the "Subject Real Property").

2. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor, Jeffrey E DeWeese, on June 10, 2019. On November 20, 2019, the Chapter 13 Plan was confirmed.

3. Debtor, Jeffrey E DeWeese, has executed and delivered that certain Promissory Note in the original principal amount of $800,000.00 (the "Promissory Note"). Movant is an entity entitled to enforce the Promissory Note. Movant, directly, or through an agent, has possession of the Promissory note. A true and correct copy of the Promissory Note is attached to the Declaration in Support of Movant's Motion for Relief from the Automatic Stay as **Exhibit "1"**.

4. Pursuant to the Deed of Trust, all obligations of the Debtor under the Promissory Note and the Deed of Trust with respect to the Loan are secured by the Subject Real Property. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Movant's Motion for Relief from the Automatic Stay as **Exhibit "2"**.

5. Movant is the original mortgagee or beneficiary or the assignee of the Deed of Trust. A true and correct copy of the Assignment of Mortgage is attached to the Declaration in Support of Movant's Motion for Relief from the Automatic Stay as **Exhibit "3"**.

6. Fay Servicing, LLC services for the underlying mortgage loan and note for the property referenced in this Motion for Relief and Citibank, N.A., as trustee for CMLTI Asset Trust and is entitled to proceed accordingly. Should the automatic stay be lifted and/or set aside by Order of this Court or if the case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced said foreclosure action will be conducted in the name of Citibank, N.A., as trustee for CMLTI Asset Trust has the right to foreclose because

Movant is the original mortgagee or beneficiary or assignee of the security instrument of the referenced loan. Movant, directly or through an agent, has possession of the Promissory Note and the Promissory Note is either made payable to Movant or has been duly endorsed.

7. As of January 20, 2020, there are one or more defaults in paying Debtor's Mortgage payments with respect to the Promissory Note. Debtor owes a minimum outstanding obligation amount of $810,985.74.

8. Pursuant to the Promissory Note, an additional monthly payment in the amount of $6,246.25 will come due on February 1, 2020.

9. In addition to the other amounts due to Movant reflected in this Motion, as of date hereof, in connection with seeking the relief requested in this Motion, Movant will incur legal fees and in costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreement, the Bankruptcy Code and otherwise applicable law.

10. The following chart sets forth those post-petition payments, due pursuant to the terms of the Promissory Note, that have been missed by the Debtor as of January 20, 2020:

| # of Missed Payments | From | To | Missed Monthly P&I | Missed Monthly Escrow | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 7 | 7/1/19 | 1/1/20 | $5,255.43 | $990.82 | $6,246.25 | $43,723.75 |
| Less Post-Petition Partial Payments (Suspense Balance): | | | | | | ($0.00) |

Total: $43,723.75

## LAW AND ARGUMENT

1. 11 U.S.C. §362(d)(1) provides that relief from the automatic stay shall be granted for "cause." As set forth in *In re Ellis*, 60 B.R. 432(B.A.P. 9th Cir. 1985), failure to make post-petition payments can constitute cause for terminating the automatic stay. As set forth above and in the Declaration filed in support herewith, Debtor has failed to make **7** post-petition payments.

2. Pursuant to the provisions of 11 U.S.C. §361 and §362(d)(1), Movant is entitled to adequate protect of its interest in the Property. *In re Pliss*, 34 B.R. 432 (Bankr. D. Or. 1983),

the failure to provide Movant with adequate protection is ground for granting Movant relief from the automatic stay. Movant submits that adequate protection in this case requires normal and periodic case payments, as called for by the Promissory Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion. Since the filing of the instant bankruptcy petition Debtor has failed to make the normal cash payments called for by the Promissory Note.

## PRAYER FOR RELIEF

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assignors) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Subject Real Property.

2. That the Order be binding and effective despite any conversion of this Bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code.

3. For an Order that the 14-day stay as described by Bankruptcy Rule 4001(a)(3) be waived.

4. Movant, at is option, may offer, provide and enter into any potential forebearance agreement, loan modification, refinance agreement or any other loss mitigation agreement as allowed by state law.

5. Movant may contact Debtor to comply with California Civil Code §2923.50 or §2923.55 as necessary.

6. For such other relief as this Court deems proper.

Dated: 1/30/2020                                           **ZBS Law, LLP**

                                                By:    Mark S. Krause
                                                       Erin M. McCartney, SBN 308803
                                                       Mark S. Krause, SBN 302732
                                                       Attorney(s) for Movant.