**POLSINELLI LLP**
Tanya Behnam (SBN 322593)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  310.556.1801
Facsimile:   310.556.1802
Email:         tbehnam@polsinelli.com

*Attorneys for Saint Francis Memorial Hospital*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>JEFFREY E. DEWEESE,<br><br>                Debtor. | Case No. 19-30625 HLB13<br><br>CHAPTER 13<br><br>**STIPULATION AMONG DEBTOR JEFFREY E. DEWEESE AND SAINT FRANCIS MEMORIAL HOSPITAL**<br><br>[NO HEARING REQUESTED] |

This stipulation (the "**Stipulation**") is made and entered into by and among (i) Jeffrey E. DeWeese (the "**Debtor**"), and (ii) Saint Francis Memorial Hospital ("**SFMH**"), through their counsel of record. The Debtor and SFMH are sometimes referred to herein as the "Parties" and each as a "Party."

## I.

## BACKGROUND FACTS

A.    SFMH is the owner of the premises located in the County of San Francisco at 1199 Bush Street, Suite 590, San Francisco, CA 94109 ("**Premises**").

B.    On or about June 3, 2014, the Parties entered into a written Amended and Restated 1199 Bush Street Lease (as amended or restated, the "**Lease**"), whereby Debtor agreed in writing to rent the Premises from Plaintiff for a five-year term expiring May 31, 2019.

C.  On or about May 31, 2019, the Parties entered into a First Amendment to Amended and Restated 1199 Bush Street Lease ("**Amendment**"), whereby the Parties agreed to extend the term of the Lease to May 31, 2020.

D.  Debtor has failed to pay Monthly Rent from July, 2019 through the present. Debtor has likewise failed to pay late charges, holdover rent, and other amounts due and owing under the Lease. Debtor has claims, offsets, defenses including his security deposit which remain unresolved. There parties are still engaged in an ongoing hospital privilege dispute.

E.  SFMH made attempts to resolve the above with the Debtor along with Debtor's attempts to resolve the hospital privilege dispute with SFMH.

F.  Upon further discussion by and among counsel for the Parties, and in order to ensure that possession of the Premises is promptly returned to SFMH no later than May 31, 2020, the Parties have agreed to the terms set forth below to resolve the issues of occupancy and move-out.

G.  The Parties have not reached agreement on the allowed monetary claim for the tenancy. The Parties are continuing to work on a global resolution of various outstanding issues, and will promptly inform this Court if resolution is reached.

H.  Accordingly, the Parties expressly reserve all other rights, remedies, defenses, offsets, and claims including security deposit for future determination.

I.  However, in light of the longstanding tenancy dispute for non-payment of rent by the Debtor, the Parties believes that this Stipulation is the most efficient manner to ensure a definite, orderly, Court-ordered conclusion to the occupancy of the Premises by the Debtor.

J.  As a result, the Debtor has determined that settlement of the occupancy dispute is in the best interests of the estate.

K.  In order to avoid incurring further unnecessary litigation and fees and costs, the Parties agreed and wish to enter into the Stipulation to settle and otherwise resolve the occupancy dispute as between the Debtor and SFMH.

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to the approval of the

Bankruptcy Court after notice to creditors, as follows:

## II

## **STIPULATED SETTLEMENT TERMS**

1. **Terms**. The Debtor and SFMH have negotiated the Stipulation regarding the occupancy issues between and among the Parties. To avoid the fees and costs of litigation regarding this matter, and subject to Bankruptcy Court approval herein after notice to creditors, the Debtor and SFMH have agreed to resolve the possession dispute. The Stipulation provides that:

   i. The Debtor will vacate the Premises completely on or before May 31, 2020, and will leave the Premises in broom clean condition.
   ii. SFMH will agree to reimburse up to $15,000 of substantiated moving, storage, or relocation expenses incurred by the Debtor.
       a. The Debtor shall provide sufficient documentation (invoices, receipts, payment confirmation, etc.) of the relocation expenses incurred.
       b. Within fourteen (14) days of receipt of the substantiating documentation from Debtor's counsel, SFMH shall issue a reimbursement payment up to a total amount of $15,000 (the "**Reimbursement Payment**").
       c. If and to the extent that the Debtor does not leave the Premises in acceptable, broom clean condition, SFMH shall be entitled to surcharge the $15,000 expense reimbursement to cover any cleaning, repair, or other necessary work to restore the Premises to original condition.
       d. Accordingly, the Reimbursement Payment shall not be required to be made until fourteen (14) days after the date on which Debtor provides notice that he has completely vacated the Premises.
   iii. SFMH is not required to file or prosecute any State Court eviction proceedings; rather the Bankruptcy Court's Order shall require the Debtor to vacate on or prior to May 31, 2020.
   iv. The Bankruptcy Court shall retain jurisdiction to enforce its Order as to the issue of possession and reimbursement.
   v. All other rights, claims, defenses, or offsets are reserved by the Parties.

2. **Authority.** The Parties represent and warrant that each signatory hereto has the power and authority to enter into this Stipulation on behalf of the respective Party.

3. **Additional Representations and Warranties.** Each Party hereto represents and warrants that:

   a) Such Party has had the benefit and advice of independent counsel in connection with this Stipulation;

   b) This Stipulation is executed without reliance on any statement,

STIPULATION AMONG DEBTOR AND SAINT FRANCIS MEMORIAL HOSPITAL
73007742.5

Case: 19-30625    Doc# 101    Filed: 04/24/20    Entered: 04/24/20 11:24:31    Page 3 of 8

representation, promise, inducement, understanding, or agreement by or on behalf of any representative or agent employed by any of them, other than the matters expressly set forth herein;

    c) No promise, inducement, understanding or agreement not expressed herein has been made to or with any party, and this Stipulation contains the entire written agreement between the Parties;

    d) This Stipulation is the product of the efforts of all Parties, and, as a result, it will not be construed, and no presumption will arise, based upon who drafted the Stipulation;

    e) No claim or obligation referred to or released in this Stipulation has been assigned, transferred, hypothecated, pledged, mortgaged, or set over in any manner whatsoever, in whole or in part, to any third person, and each Party to this Stipulation has the sole and exclusive right to release all of the claims and obligations described and released in this Stipulation;

    f) The terms of this Stipulation are contractual and not mere recitals; and

    g) The various headings in this Stipulation are inserted for convenience only and shall not affect this Stipulation or any provisions hereof.

4. **Final Accord and Satisfaction.** This Stipulation and the releases contained herein are intended to be final and binding upon the Parties hereto, and each of them, and are further intended to be effective as a full and final accord and satisfaction regarding the subject matter hereof between the Debtor, on one hand, and SFMH, on the other, regardless of any claim of fraud, misrepresentation, promise made without the intention of performing it, concealment of fact, mistake of fact or law, or any other circumstance whatsoever. Each Party expressly relies upon the finality of this Stipulation and the releases herein as a substantial, material factor inducing that Party's execution of this Stipulation. For clarification, only the issues of occupancy and move-out are being resolved and released by the Parties – all other rights, claims, defenses, or offsets are reserved by the Parties.

5. **Integration and Binding Effect.** This Stipulation constitutes a single integrated, written contract expressing the entire agreement of the Parties hereto relative to the subject matter hereof. No covenants, agreements, representations or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth in this Stipulation. All prior discussions, negotiations, and stipulations between the Parties hereto relating to the subject matter hereof have been and are merged and integrated into, and are superseded by, this Stipulation. This Stipulation shall bind the heirs, personal representatives, successors and assigns of the Parties, and inure to the benefit of the Parties, their agents, attorneys, employees, heirs, administrators, personal representatives, successors, and assigns.

6. **No Third Party Rights.** This Stipulation is not intended and shall not be construed to create any rights in any third party not expressly released herein and no person shall have any rights as a third party beneficiary hereunder.

7. **Governing Law.** Each Party agrees that this Stipulation shall be governed by and interpreted under the laws of the State of California and, where appropriate, the Bankruptcy Code.

8. **Effectuation of Stipulation.** Following the date hereof, each Party shall take such action and execute such additional documentation as may be reasonably necessary or appropriate to effectuate the provisions of the Stipulation.

9. **Attorneys' Fees.**

   a) Each Party shall bear his or her own costs and expenses arising out of the negotiation, execution, delivery, and performance of this Stipulation and the consummation of all transactions contemplated hereby.

   b) Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, such action shall be brought in the United States Bankruptcy Court having jurisdiction over the Debtor's bankruptcy case, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court as to the issue of possession and reimbursement with

respect to any such action. The prevailing party shall be entitled to receive such amount as the Bankruptcy Court may judge to be reasonable attorneys' fees and costs for the services rendered to the prevailing party in such action or proceeding.

10. **No Admission of Liability.** This Stipulation affects the settlement of claims which are contested, and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other Party or to any other person or entity.

11. **Execution of Counterparts.** This Stipulation may be signed in counterparts by the Parties hereto and shall be valid and binding on each party as if fully executed in a single document. Signatures transmitted by facsimile and signatures transmitted by electronic correspondence in the form of a PDF document shall have the same force and effect as original signatures.

DATED: April 24, 2020            LAW OFFICES OF BADMA GUTCHINOV

By: */s/ Badma Gutchinov*
BADMA GUTCHINOV
*Attorney for Debtor*

DATED: April 24, 2020            POLSINELLI LLP

By: */s/ Tanya Behnam*
TANYA BEHNAM
*Attorney for Saint Francis Memorial Hospital*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

**A true and correct copy of the foregoing document entitled (*specify*):** STIPULATION AMONG DEBTOR JEFREY E. DEWEESE AND SAINT FRANCIS MEMORIAL HOSPITAL
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(D); and (B) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 24, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On April 24, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 24, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

NO JUDGE'S COURTESY COPY REQUIRED, PER AMENDED GENERAL ORDER 20-20
Judge Hannah L. Blumenstiel
United States Bankruptcy Court
450 Golden Gate Avenue
Mail Box 36099
San Francisco, CA 94102

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 24, 2020 | Cindy Cripe | /s/ Cindy Cripe |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 **F 9013-3.1.PROOF.SERVICE**
73335911.1

# ATTACHMENT TO SERVICE LIST

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Amanda Ferns on behalf of Creditor Direct Capital Corporation aferns@fernslaw.com
Badma Gutchinov on behalf of Debtor Jeffrey E DeWeese bgutchinovesq@yahoo.com
Dane Wyatt Exnowski on behalf of Creditor Fay Servicing, LLC dane.exnowski@mccalla.com
David Burchard TESTECF@burchardtrustee.com, dburchard13@ecf.epiqsystems.com
Jeannie Kim on behalf of Creditor Kessenick Gamma & Free, LLP jkim@friedmanspring.com
Mark Stephen Krause on behalf of Creditor CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST bankruptcy@zbslaw.com, mkrause@ecf.courtdrive.com
Melody G. Anderson on behalf of Creditor Ascentium Capital LLC mga@replevin.com, melodygrace1@gmail.com
Office of the U.S. Trustee / SF USTPRegion17.SF.ECF@usdoj.gov
Raffi Khatchadourian on behalf of Creditor HANMI BANK raffi@Hemar-Rousso.com
Sean Ferry on behalf of Creditor CITIBANK, N.A. bkyecf@rasflaw.com, sferry@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**
73335911.1